UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KENNETH L. WASHINGTON
a/k/a Kenneth Lamar Washington,

                             **Petitioner,**

       vs.                                            9:18-CV-0220
                                                               (MAD/DEP)

**ANTHONY J. ANNUCCI,**

                             **Respondent.**

---

**APPEARANCES:**                                          **OF COUNSEL:**

**KENNETH L. WASHINGTON**
c/o Catskill Inn
7848 Route 9W
Room 31
Catskill, New York 12414
Petitioner *pro se*

**OFFICE OF THE NEW YORK**                     **PRISCILLA I. STEWARD, AAG**
**STATE ATTORNEY GENERAL**
New York State Attorney General
The Capitol
Albany, New York 12224

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Kenneth L. Washington, Petitioner, acting *pro se*, commenced this action by filing a writ of habeas corpus pursuant 28 U.S.C. § 2254.[1] On January 7, 2014, Petitioner entered a plea of guilty for one count of second-degree burglary and one count of third-degree assault. *See* Dkt. No. 28 at 2. At sentencing, the judge imposed the minimum punishment for a predicate violent

---

[1] Petitioner originally commenced this action pursuant 28 U.S.C. § 2241. *See* Dkt. No. 1. However, Petitioner amended his petition to request relief under 28 U.S.C. § 2254. *See* Dkt. No. 12.

felony offender. *See id.* at 7; N.Y. PENAL L. § 70.04 (3)(b). In the amended writ of habeas corpus, Petitioner argues (1) he was not a predicate felon at the time of sentencing and he was improperly sentenced as such, (2) defense counsel coerced Petitioner into entering a plea of guilty, and (3) defense counsel failed to inform Petitioner of the post-release supervision term. *See* Dkt. No. 12 at 2, 4, 5. Chief Magistrate Judge David E. Peebles recommended the amended writ of habeas corpus be dismissed pursuant FED. R. CIV. P. 41 (hereinafter "Rule 41"). *See* Dkt. No. 34 at 7. Neither party has filed objections to the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2).

When no objections have been filed, the court reviews a magistrate judge's recommendation for clear error. *See Roman v. Donelli*, 616 F. Supp. 2d 299, 302 (N.D.N.Y. 2007), *aff'd*, 347 Fed. Appx. 662 (2d Cir. 2009) (citing *Almonte v. N.Y. State Div. of Parole*, No. 9:04-CV-484, 2006 WL 149049, *6 (N.D.N.Y. Jan. 18, 2006)). "Under this standard[,] a recommendation . . . will be overturned only if 'the court determines that there is a mistake of fact or law which is obvious and affects substantial rights.'" *Id.* (quoting *Almonte*, 2006 WL 149049 at *6).

Rule 41 allows an action to be dismissed for "(1) failure to prosecute the action and/or (2) failure to comply with . . . an Order of the Court." *Rodriguez v. Goord*, No. 9:04-CV-0358, 2007 WL 4246443, *2 (N.D.N.Y. Nov. 27, 2007) (citing FED. R. CIV. P. 41). When deciding whether to dismiss an action for failure to prosecute, a court must consider five factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5]

> whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999) (quoting *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

In the present matter, the Court finds that Magistrate Judge Peebles correctly determined that the Court should dismiss this action for Petitioner's failure to prosecute and his failure to comply with Court orders. Throughout this litigation, Petitioner was reminded on several occasions that he is required to keep the Court and the Clerk's Office apprised of any change in his address and that his failure to do so could result in the dismissal of this action. *See* Dkt. Nos. 10, 25. Despite these warnings, Petitioner has relocated and has not apprised the Court of his new address, resulting in correspondence set to Petitioner being returned to the Court as undeliverable. *See* Dkt. Nos. 27, 33, 35. As such, considering the relevant factors discussed above, the Court dismisses the petition due to Petitioner's failure to prosecute and failure to comply with the Court's orders.

Upon review of the Report and Recommendation and the applicable law, the Court hereby

**ORDERS** that Chief Magistrate Judge David E. Peebles' Report and Recommendation is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** Petitioner's amended writ of habeas corpus is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 25, 2019
       Albany, New York

Mae A. D'Agostino
U.S. District Judge